David E. Schlesinger, AZ Bar No. 025224
schlesinger@nka.com
Rachhana T. Srey, MN Bar No. 340133*
srey@nka.com
NICHOLS KASTER, PLLP
4700 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Tel: (612) 256-3200
Fax: (612) 215-6870
(*pro hac vice application forthcoming)

Benjamin L. Davis, III, MD Bar No. 29774*
bdavis@nicholllaw.com
The Law Offices of Peter T. Nicholl
36 South Charles Street, Suite 1700
Baltimore, MD 21201
Phone: (410) 244-7005
bdavis@nka.com
(*pro hac vice application forthcoming)

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Juliana Daklin and Samantha Thaler, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>GlobalTranz Enterprises, LLC,<br><br>　　　　Defendant. | Case No.:<br><br>**COLLECTIVE ACTION COMPLAINT FOR DAMAGES** |

# PRELIMINARY STATEMENT

1. This is a collective action brought by individual and representative Plaintiffs Samantha Thaler and Juliana Daklin ("Plaintiffs"), on behalf of themselves and all others similarly situated (the "putative FLSA Collective"), to recover overtime pay from their former employer, GlobalTranz Enterprises, LLC ("GlobalTranz" or "Defendant").

2. Plaintiffs bring this action on behalf of themselves and all similarly situated individuals for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

3. Plaintiffs' claims are asserted as a collective action under the FLSA, 29 U.S.C. § 216(b).

4. The putative "FLSA Collective" is made up of all persons who are or have been employed by Defendant as Logistics Representatives, Inside Sales – Account Managers, Carrier Sales Representatives, Account Coordinators, LTL Representatives, or in similar job titles (collectively, "Logistics Representatives") for Defendant anywhere in the United States from April 2019 to the present.

5. Plaintiffs and those similarly situated routinely worked more than forty (40) hours in a workweek but were not paid an overtime premium for their overtime hours.

# JURISDICTION AND VENUE

6. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201 *et seq*.

7. Venue is proper in the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1391 because Defendant maintains its principal place of business in this district, and because a substantial part of the events or omissions giving rise to the claims occurred in this district.

# PARTIES

8. Plaintiff Daklin an adult resident of Eagan, Minnesota.

9. Plaintiff Daklin worked for Defendant as an Account Coordinator, LTL

Representative, and Logistics Representative in its Minneapolis, Minnesota office from approximately September 2018 to March 2020.  Plaintiff qualifies as Defendant's employee as defined by the FLSA, 29 U.S.C. § 203(e)(1).

10. Plaintiff Thaler is an adult resident of Minneapolis, Minnesota.

11. Plaintiff Thaler worked for Defendant as a Logistics Representative in its Minneapolis, Minnesota office from approximately January 2019 to March 2020. Plaintiff Thaler qualifies as Defendant's employee as defined by the FLSA, 29 U.S.C. § 203(e)(1).

12. Defendant is an Arizona corporation that does business in Arizona, Minnesota, Wisconsin, New Mexico, Illinois, California, and Utah.  Its principal office is located at 7350 North Dobson Road, Suite 130, Scottsdale, Arizona 85256.

13. Defendant is a freight brokerage company specializing in LTL (less-than-truckload), full truckload, expedited and managed transportation solutions with a freight network that consists of over 25,000 shippers and more than 30,000 carriers.

14. Defendant qualifies as Plaintiffs' employer within the meaning of the FLSA, 29 U.S.C. § 203(d), (g).

15. At all times material, Plaintiffs and other Logistics Representatives were engaged in commerce or in the production of goods for commerce as defined by Section 207(a)(1) of the FLSA.

16. Defendant operates in interstate commerce by, among other things, offering and selling a wide array of services to customers in multiple states across the country, including Arizona.

17.  At all times material, Defendant qualifies as an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, and had annual gross volume of sales which exceeded $500,000.00.

## **FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

18. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

19. At all times relevant herein, Defendant operated a willful scheme to deprive Plaintiffs and others similarly situated of overtime compensation.

20. Plaintiffs and the similarly situated individuals work or worked as Logistics Representatives, Inside Sales – Account Managers, Carrier Sales Representatives, Account Coordinators, LTL Representatives, or in similar job titles (collectively, "Logistics Representatives").

21. As Logistics Representatives, Plaintiffs' and the putative class members' primary job duty was non-exempt work, consisting of coordinating and scheduling pick-up and/or delivery appointments for assigned customers, and tracking and tracing shipments across various modes of transit.

22. Among other non-exempt tasks, Plaintiffs and the putative class members spent their workday communicating with Defendant's vendors, customers, and carriers, entering/creating orders for customers through web-based systems, phone, and email, processing invoices, and providing general customer service, consisting of responding to inquiries related to shipment delays, service failures, and/or customer complaints.

23. In and around April 2019, despite no changes to the scope of their job duties and/or expectations, Defendant reclassified Plaintiffs and those similarly situated from hourly, non-exempt, to salaried, exempt employees. Prior to April 2019, Defendant paid Plaintiffs and those similarly situated an hourly rate and an overtime premium for all the hours they worked over forty (40) each week.

24. Since about April 2019 to the present, Plaintiffs and the other similarly situated individuals are or were treated as exempt from federal and state overtime laws.

25. Defendant suffered and permitted Plaintiffs and the other similarly situated individuals to work more than forty (40) hours per week without overtime pay.

26. Although Defendant had a legal obligation to do so, Defendant did not make, keep, or preserve adequate or accurate records of all of the hours Plaintiffs and the other similarly situated individuals worked, in particular the hours they spent "on-call."

27. Defendant required Logistics Representatives to work mandatory, on-call shifts.

28. In weeks in which Plaintiffs were scheduled to work on-call, they were required to respond to phone calls and emails twenty-four (24) hours/day, resulting in additional unpaid overtime hours.

29. Plaintiff Daklin typically worked from approximately 7:45 a.m. to about 5:00 p.m., Monday through Friday. Due to her demanding workload, Plaintiff Daklin typically worked through her lunch breaks. As a result, on average, Plaintiff Daklin worked approximately forty-five (45) to fifty (50) hours per week.

30. For example, during the workweek beginning November 18, 2019, Plaintiff Daklin estimates that she worked approximately forty-eight (48) hours and did not receive overtime pay for her overtime hours.

31. Plaintiff Thaler typically worked from approximately 7:45 a.m. to about 5:00 p.m., Monday through Friday. Due to her demanding workload, Plaintiff Thaler typically worked through her lunch breaks. As a result, on average, Plaintiff Thaler worked approximately forty-five (45) to fifty (50) hours per week.

32. For example, during the workweek beginning May 6, 2019, Plaintiff Thaler estimates that she worked approximately forty-eight (48) hours and did not receive overtime pay for her overtime hours.

33. Defendant has been aware, or should have been aware, that Plaintiffs and the other similarly situated individuals performed non-exempt work that required payment of overtime compensation. Defendant assigned Plaintiffs a heavy workload and required them and the similarly situated individuals to work long hours, including overtime hours, to complete all of their job responsibilities.

34. Defendant was also aware that Plaintiffs and those similarly situated worked unpaid overtime because Defendant required Plaintiffs to record their work hours (excluding their on-call hours) in Defendant's timekeeping system each week. Defendant previously required Plaintiffs and other Logistics Representatives to keep track of the hours they were on-call, but changed that timekeeping practice after the April 2019 reclassification.

35. Defendant knew that Plaintiffs and the other similarly situated individuals worked unpaid overtime hours because Plaintiffs and others complained about their long hours and the workload. Specifically, when Plaintiffs and their co-workers raised their concerns and questioned their supervisor about their workload, and Defendant's reasoning for no longer paying them overtime beginning April 2019, Plaintiffs' concerns were generally dismissed by Defendant.

36. Furthermore, Defendant had two previous lawsuits filed against it in which Logistics Representatives alleged they were misclassified as exempt from overtime pay and the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiffs restate and incorporate by reference the above paragraphs as if fully set forth herein.

38. Plaintiffs file this action on behalf of themselves and all other similarly situated individuals. The putative FLSA Collective is defined as follows:

> All persons who worked for Defendant as Logistics Representatives, Inside Sales – Account Managers, Carrier Sales Representatives, Account Coordinators, LTL Representatives, or in similar job titles (collectively, "Logistics Representatives") anywhere in the United States from April 2019 to the present.

39. Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Their consent forms are attached as Exhibit A. One additional Logistics Representative has also signed a consent form to opt-in to this action, which is attached as

Exhibit B. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

40. From April 2019 to the present, Plaintiffs and the other similarly situated individuals routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation for their overtime hours worked.

41. Defendant willfully engaged in a pattern of violating the FLSA, as described in this Complaint in ways including, but not limited to, requiring Plaintiffs and the other similarly situated individuals to work excessive hours and failing to pay them overtime compensation.

42. Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the entire putative FLSA Collective. Accordingly, notice should be sent to the putative FLSA Collective. There are numerous similarly-situated current and former employees of Defendant who have suffered from the Defendant's practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly-situated employees are known to Defendant and are readily identifiable through its records.

## CAUSES OF ACTION
## COUNT 1 – VIOLATION OF THE FAIR LABOR STANDARDS ACT
### FAILURE TO PAY OVERTIME
**(On behalf of Plaintiffs and the Putative FLSA Collective)**

43. Plaintiffs restate and incorporate by reference the above paragraphs as if fully set forth herein.

44. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

45. Defendant suffered and permitted Plaintiffs and the other similarly situated individuals to routinely work more than forty (40) hours in a workweek without overtime compensation.

46.     Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs and the other similarly situated individuals their required overtime compensation.

47.     As the direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the others similarly situated individuals have suffered and will continue to suffer a loss of income and other damages.  Plaintiffs and the other similarly situated individuals are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

48.     By failing to accurately record, report, and/or preserve records of all of the hours Plaintiffs and other similarly situated individuals worked, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

49.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Defendant knew or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs, on behalf of themselves and the Putative FLSA Collective, pray for relief as follows:

A. Designation of this action as a collective action on behalf of Plaintiffs and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly-situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B. A finding that Plaintiffs and the putative FLSA Collective are non-exempt employees entitled to protection under the FLSA;

C. A finding that Defendant violated the overtime provisions of the FLSA;

D. Judgment against Defendant in the amount of Plaintiffs' and the putative FLSA Collective's unpaid back wages at the applicable overtime rates;

E. An award of all damages, liquidated damages, pre-judgment interest and post-judgment interest;

F. An award of attorneys' fees and costs incurred in prosecuting this action;

G. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

H. For such other and further relief, in the law or equity, as this Court may deem appropriate and just.

Dated: February 8, 2021    **NICHOLS KASTER, PLLP**

By:    s/ David E. Schlesinger
David E. Schlesinger, AZ Bar No. 025224
schlesinger@nka.com
Rachhana T. Srey, MN Bar No. 340133*
srey@nka.com
NICHOLS KASTER, PLLP
4700 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Tel: (612) 256-3200
Fax: (612) 215-6870
(*pro hac vice* application forthcoming)

Benjamin L. Davis, III, MD Bar No. 29774*
The Law Offices of Peter T. Nicholl
36 South Charles Street, Suite 1700
Baltimore, MD 21201
Phone: (410) 244-7005
bdavis@nka.com
(*pro hac vice* application forthcoming)

ATTORNEYS FOR PLAINTIFFS AND THE PUTATIVE COLLECTIVE