| | |
|---|---|
| 1 | David E. Schlesinger, AZ Bar No. 025224 |
| | schlesinger@nka.com |
| 2 | Rachhana T. Srey, MN Bar No. 340133* |
| | srey@nka.com |
| 3 | Michele R. Fisher, MN Bar No. 303069* |
| | fisher@nka.com |
| 4 | Kayla M. Kienzle, MN Bar No. 0399975* |
| | kkienzle@nka.com |
| 5 | NICHOLS KASTER, PLLP |
| | 4700 IDS Center |
| 6 | 80 South Eighth Street |
| | Minneapolis, MN 55402 |
| 7 | Tel: (612) 256-3200 |
| | Fax: (612) 215-6870 |
| 8 | (*admitted *pro hac vice*) |
| 9 | Benjamin L. Davis, III, MD Bar No. 29774* |
| | bdavis@nicholllaw.com |
| 10 | The Law Offices of Peter T. Nicholl |
| | 36 South Charles Street, Suite 1700 |
| 11 | Baltimore, MD 21201 |
| | Tel: (410) 244-7005 |
| 12 | Fax: (410) 244-1047 |
| | (*admitted *pro hac vice*) |
| 13 | |
| | *Attorneys for Plaintiffs* |
| 14 | |
| | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| 15 | Julie E. Maurer, AZ Bar. No. 023347 |
| | Julie.Maurer@lewisbrisbois.com |
| 16 | Andrew B. Kleiner, AZ Bar No. 034479 |
| | Andrew.Kleiner@lewisbrisbois.com |
| 17 | 2929 N. Central Avenue, Suite 1700 |
| | Phoenix, Arizona 85012 |
| 18 | Tel: (601) 385-1040 |
| | Fax: (602) 385-1051 |
| 19 | |
| | Jack E. Jimenez, CA Bar No. 251648* |
| 20 | Jack.Jimenez@lewisbrisbois.com |
| | 633 West 5th Street, Suite 4000 |
| 21 | Los Angeles, California 90071 |
| | Tel: (213) 250-1800 |
| 22 | Fax: (213) 250-7900 |
| | (*admitted *pro hac vice*) |
| 23 | |
| | *Attorneys for Defendant* |
| 24 | |
| 25 | . . . |
| 26 | . . . |
| 27 | . . . |
| 28 | . . . |

| | |
|---|---|
| Juliana Daklin and Samantha Thaler, on behalf of themselves and all others similarly situated,<br>        Plaintiffs,<br>vs.<br>GlobalTranz Enterprises, LLC,<br>        Defendant. | Case No.: CV 21-00204-PHX-JJT<br><br>**JOINT STATUS REPORT** |

Plaintiffs Juliana Daklin and Samantha Thaler, and Defendant GlobalTranz Enterprises, LLC, by and through the undersigned counsel, submit this Joint Status Report.

1. On May 21, 2021, the Court entered an Order staying the case pending completion of arbitration proceedings at the American Arbitration Association and directing the parties to file a joint status report no later than September 24, 2021. (ECF No. 31.)

2. 22 individuals made claims for unpaid overtime. Defendant disputes whether Plaintiffs' continued solicitation of these individuals was proper or lawful. (*See* Defendant's Additional Items below).

3. Defendant provided some information and data regarding the individuals, and Plaintiffs made a settlement demand.

4. The parties scheduled mediation before a private mediator, Amy Lieberman, to occur on November 15, 2021. The parties will notify the Court of the outcome by November 22, 2021.

## **PLAINTIFFS' ADDITIONAL ITEMS**

This matter is stayed pending individual arbitrations Defendants compelled pursuant to forced arbitration agreements. It is Plaintiffs' position that Defendants' request

for the Court to intervene in Plaintiffs' Counsel's constitutional right to advertise is inappropriate and that Defendants' attempt to present the matter to the Court via a joint status report is improper.

**DEFENDANT'S ADDITIONAL ITEMS**

**I. DEFENDANT GLOBALTRANZ REQUESTS THE COURT'S ASSISTANCE TO DETERMINE WHETHER PLAINTIFFS' COUNSELS' CONTINUED SOLICITATIONS ARE IMPROPER AND MUST CEASE**

This case has been properly stayed subject to a binding arbitration agreement that contains a class and collective action waiver. The Stipulation to Stay the action was filed before Plaintiff moved for conditional certification of the collective, and this Court has not permitted Plaintiffs' counsel to contact any opt-ins. Notwithstanding the foregoing, Plaintiffs' counsel continues to solicit potential opt-ins as if a collective action is ongoing, which it is not.

Plaintiffs' counsel's continued solicitation letters are improper because Plaintiffs' counsel has not received permission from the Court to contact these potential opt-ins. Moreover, the solicitations are grossly misleading, and Plaintiffs' counsel (upon information and belief) has obtained a list of current and former employees by which they are directly soliciting opt-ins to join a non-existent collective action.

Generally, courts may supervise notice to potential opt-ins and, as a practical matter, courts typically do so. *See Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989). Court-facilitated notice is intended to ensure that the form, content, and methods of distribution are timely, accurate, neutral, and informative. *Hoffmann-La Roche, Inc.*, 493 U.S. at 171-72; *Mark v. Gawker Media LLC,* 2014 WL 4058417, at *8 (S.D.N.Y. Aug. 15, 2014); *Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 127 (S.D.N.Y. 2014); *Pendlebury v. Starbucks Coffee Co.*, 2005 WL 84500, at *4 (S.D. Fla. Jan. 3, 2005).

Because the Court still retains jurisdiction[1] (despite the stay), GlobalTranz respectfully requests that the Court permit briefing on the issue of Plaintiffs' counsels' continued solicitations of opt-ins as well as determine the legality of such continued solicitations. This limited request is made without waiving the parties' intent and obligation to arbitrate the FLSA dispute on this matter. Indeed, Plaintiffs' counsel is taking advantage of this case being in procedural limbo. On one hand Plaintiffs have agreed to arbitrate, signaling the validity of the arbitration agreement and collective action waiver. On the other hand, Plaintiffs' counsel is impermissibly and improperly soliciting potential opt-ins to join a non-existent collective action. In essence, Plaintiffs are attempting to gain the benefits of a collective action that it has waived. Accordingly, GlobalTranz requests intervention by the Court to enjoin Plaintiffs' counsel from soliciting opt-ins.

### A. **Plaintiffs' Counsel Continues to Improperly Solicit Current Employees of GlobalTranz to Opt-In.**

Plaintiffs' counsel continues to improperly solicit opt ins, despite GlobalTranz's repeated demands that such illegal solicitations cease. Specifically, GlobalTranz has repeatedly met and conferred with Plaintiffs' counsel regarding their continued improper solicitation efforts. However, since the commencement of this action, Plaintiffs' counsel continues to contact potential opt-ins via numerous methods, including but not limited to U.S. mail by sending letters to the home addresses of many (if not all) current employees of GlobalTranz. These letters are not general advertisements sent to a large number of persons in a particular zip code, but instead the letters are personally addressed and mailed to current employees at their home addresses. Because the letters are targeted, direct mail solicitation letters, GlobalTranz believes that Plaintiffs' counsel has improperly obtained a list of current and former employees from GlobalTranz with these employees' names and

---

[1] *See PMS Distrib. Co. v. Huber & Suhner, A.G.*, 863 F.2d 639, 642 (9th Cir. 1988) ("A district court's order to arbitrate, with or without a retention of jurisdiction, has an 'ongoing effect,' and the parties may return to the district court for interpretation or modification of the order."); *Toy Tire Holdings of Ams., Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (finding a district court erred by determining that it lacked authority to grant injunctive relief when the parties agreed to arbitration).

-4-

addresses.  This contact is improper and GlobalTranz should be allowed to know what lists (as well as the sources of the lists) that Plaintiffs' counsel is using to contact GlobalTranz employees.

**B.     Plaintiffs' Counsel's Solicitations are Misleading and Must Cease.**

In addition to Plaintiffs' counsel's improper contact with GlobalTranz employees at their home addresses, the actual letters are grossly misleading and prejudicial to GlobalTranz.  Furthermore, Plaintiffs' counsels' website solicitations also constitute misleading and improper communications.  All such modes of solicitation are improper and should cease.

1.      Plaintiff's Solicitations Are Misleading

GlobalTranz is aware of at least (1) two different versions of Plaintiffs' solicitations letters, (2) information published on the website for the law firm of Nichols Kaster, and (3) advertisements being marketed on websites like LinkedIn.com that misleadingly suggest the terms of Plaintiffs' lawsuit against GlobalTranz.  *See* Exhibits A and B for two examples of Plaintiffs' counsel's solicitations.  As such, upon receiving a copy of the June 9, 2021 solicitation letter (Exhibit A), GlobalTranz immediately raised the following issues with Plaintiffs' counsel, requesting that such solicitations cease[2]:

1.      The third paragraph includes language "We reached an agreement with GlobalTranz…"  This statement infers that GlobalTranz has in some way approved this notice or accepts liability.  Neither GlobalTranz nor its counsel approved this letter or the representations made therein. Indeed, Plaintiffs' counsel sought no input or approval from GlobalTranz or its counsel before sending these letters. There has been no determination on the merits and a statement reflecting this needs to be included in the letters if the Court permits such conduct, which GlobalTranz vehemently opposes. *See Chen v. Kicho Corp.*, 2020 WL 1900582, at *14 (S.D.N.Y. Apr. 17, 2020)

---

[2] Plaintiffs' counsel has refused to cease solicitations.

2. Paragraph three also states: "representatives who make a claim for overtime pay will not be required to go to court, but rather, can go through a less formal process called arbitration." Arbitration is a formal process and all current employees have agreed to binding arbitration for FLSA actions. Any opt-ins will be deposed, have to respond to discovery, and appear for and attend the arbitration hearing until its conclusion. Therefore, this statement is misleading. Additionally, the letter states: "We are currently working with GlobalTranz to get data to calculate the amount of overtime pay potentially owed…" The word "potentially" does not change the tone of the letter. It implies GlobalTranz is liable for overtime pay, which it denies.

3. Absent from the letter is a statement that GlobalTranz denies the allegations. For instance, the second paragraph states: "We understand that GlobalTranz assigned logistics representatives a heavy workload that required them to work overtime hours and paid them a salary with no extra pay for their overtime hours." GlobalTranz also denies this allegation. Inclusion of this statement without a denial by GlobalTranz infers this statement is true. On this basis, the letters are grossly misleading.

4. The letter is misleading because it fails to apprise opt-ins that their claims could be rejected or severely narrowed. *See Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013) (an opt-in's right to participate in the lawsuit may depend on a later determination that opt-ins are similarly situated). Further, there is no assurance that an arbitrator will grant the opt-in any relief. *See Reyes v. Quality Logging, Inc.*, 52 F. Supp. 3d 849, 849 (S.D. Tex. Oct. 10, 2014).

5. The letter is misleading, coercive, and improper because it does not provide opt-ins the fair opportunity to speak to counsel for GlobalTranz. *See Chen v. Kicho Corp.,* 2020 WL 1900582, at *10 (S.D.N.Y. Apr. 17, 2020) (noting that district courts in the Second Circuit often require inclusion of contact information for both).

6. Plaintiffs' counsel's letters imply that the Notice Period is unlimited and it should not be. While this case is stayed pending completion of arbitration, there is no collective action for opt-ins to join, so there must be a deadline for returning or filing signed

consent forms.  Notice periods are usually 60-90 days from the date the Court sets.  *See Ramirez v. Ghilotti Bros., Inc*, 941 F. Supp.2d 1197, 1207 (N.D. Cal. 2013).  Because this court never granted conditional certification, GlobalTranz demands that the window be 60 days from the date the motion to compel arbitration was filed, making that deadline July 6, 2021.

7. The letter is also overbroad and should be limited by geographic region.  In GlobalTranz's view, contacting opt-ins in states in which no attorneys in which Plaintiffs' counsel's firm are licensed is tantamount to practicing law without a license, especially since there is no collective action.  Contacting employees all over the country, without the prospect of certifying a collective action is improper solicitation.

Separate from these letters, Plaintiffs' counsel's website contains the same misleading content.  *See* https://www.nka.com/cases/employment-cases/globaltranz-enterprises.html .  Indeed, there are a multiplicity of links on Plaintiffs' counsel's website that allows potential opt-ins to join, and it provides what is tantamount to legal advice about topics ranging from statutes of limitations to how to prove their claims.  Most concerning is Plaintiffs' counsel's misrepresentation that "Logistics Representatives" are a position that GlobalTranz employs all over the country.  *See* https://www.nka.com/cases/employment-cases/globaltranz-enterprises.html [Which Locations Are Included tab].

GlobalTranz respectfully requests that the Court permit briefing on the solicitation issues for a ruling by the Court.  This limited request is made without waiving the parties' intent and obligation to arbitrate the FLSA dispute on this matter.

RESPECTFULLY SUBMITTED this 23rd day of September 2021.

**NICHOLS KASTER, PLLP**

*s/Michele R. Fisher*
Michele R. Fisher

**The Law Offices of Peter T. Nicholl**
Benjamin L. Davis, III, MD Bar No. 29774*
bdavis@nicholllaw.com
36 South Charles Street, Suite 1700
Baltimore, MD 21201
Tel: (410) 244-7005
Fax: (410) 244-1047
(*admitted *pro hac vice*)

*Attorney for Plaintiffs Daklin and Thaler*
**LEWIS BRISBOIS BISGAARD & SMITH LLP**

 *s/ Julie E. Maurer*
Julie Maurer
*Attorney for Defendant GlobalTranz Enterprises, Inc.*