# EXHIBIT C



Julie E. Maurer
Jack E. Jimenez
Andrew B. Kleiner
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Julie.Maurer@lewisbrisbois.com
Jack.Jimenez@lewisbrisbois.com
Andrew.Kleiner@lewisbrisbois.com
Main: 602.385.1040

July 7, 2021

**VIA ELECTRONIC MAIL ONLY**

Michelle R. Fisher
Kayla M. Kienzle
Nichols Kaster, PLLP
4700 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
E-Mail: mfisher@nka.com
E-Mail: kkienzle@nka.com

  **Re: Daklin et al. v. GlobalTranz Enterprises, LLC**

Dear Michelle and Kayla:

  Following our recent conversations about the solicitation letters your office has been sending to potential opt-ins, we wanted to memorialize our objections regarding the impropriety of those letters, including the content thereof. Contact with the opt-ins is improper and the letters are misleading.

  We repeat our demand that you stop contacting any opt-ins unless and until you have arbitrator or court approval. Furthermore, the 60-day period from when the Motion to Compel Arbitration was filed is passed. As such, we further demand that you stop contacting any current or former employees of GlobalTranz. For any new opt-ins you present to us, we demand a copy of the letter, including date stamp on the envelope from the opt-in to ensure your compliance, otherwise will not consider them to have filed a proper claim. If you are unwilling to comply with our demand, we desire to appoint an arbitrator immediately so we can promptly address this issue.

  **A. Contacting Opt-Ins is Improper When A Valid Arbitration Agreement Exists**

  **The FLSA does not provide for notice to potential opt-ins in an FLSA collective action.** Generally, courts may supervise notice to potential opt-ins and, as a practical matter, courts typically do so (*See Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 169-70 (1989). Court-facilitated notice is intended to ensure that the form, content, and methods of distribution are timely, accurate, neutral, and informative (*See Hoffmann-La Roche, Inc.*, 493 U.S. at 171-72; *Mark v. Gawker Media LLC,*

Kayla Kienzle
Michelle Fisher
July 7, 2021
Page 2

2014 WL 4058417, at *8 (S.D.N.Y. Aug. 15, 2014); *Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 127 (S.D.N.Y. 2014); *Pendlebury v. Starbucks Coffee Co.*, 2005 WL 84500, at *4 (S.D. Fla. Jan. 3, 2005)).

No court or arbitrator has granted you permission to contact the opt-ins. This case is not a collective action and the targeted solicitation letters you are sending to potential opt-ins is contrary to Plaintiffs' undisputed agreement to arbitrate and waiver of collective action litigation.

The Fifth Circuit was the first federal court of appeals to address this issue. In *JPMorgan Chase & Company*, a three-judge panel held that district courts may not send notice to an individual with a valid arbitration agreement unless the record shows that nothing in the agreement prohibits the individual from participating in the collective action (*In re JPMorgan Chase & Co.*, 2019 WL 758984, at *1-2 (5th Cir. Feb. 21, 2019)).

The district court conditionally certified a collective action involving allegations of off-the-clock work by Chase call-center employees. 85% of a putative class had signed binding arbitration agreements waiving their right to proceed collectively. The plaintiffs did not contest the existence or validity of the arbitration agreements. The district court included in the putative class, and directed notice to, the individuals with arbitration agreements, rejecting Chase's argument that doing so contradicted both the agreements and the Federal Arbitration Act. The court also ordered Chase to produce personal contact information for all 42,000 individuals. (*JPMorgan Chase & Co.*, 2019 WL 758984, at *1 2.)

Because orders of conditional certification are not final, appealable orders and because the district court denied Chase's motion to certify that order for interlocutory appeal, Chase filed a mandamus petition with the Fifth Circuit, asking that individuals with arbitration agreements be excluded from notice. (*JPMorgan Chase & Co.*, 2019 WL 758984, at *1-2.) The Fifth Circuit found that the lower court erred in ordering notice to employees with valid arbitration agreements but the error was not clear and indisputable, as required for mandamus, because the law had been unsettled among district courts and no circuit court had yet weighed in. Despite denying the mandamus petition, however, the court addressed the notice issue, stating that the legal issue was "squarely" before the court and doing so was part of the court's authority to correct "errant caselaw" from district courts in the circuit. (*JPMorgan Chase & Co.*, 2019 WL 758984, at *2-7.)

On the notice issue, the court held that:

- If the existence or validity of an arbitration agreement is genuinely disputed; and
- **If the employer demonstrates that a valid arbitration agreement exists, the district court may not order notice to that employee.** If the employer does not make the required showing, that employee receives the same notice as other putative class members.

(*JPMorgan Chase & Co.*, 2019 WL 758984, at *4-5.)

Kayla Kienzle
Michelle Fisher
July 7, 2021
Page 3

      The court also explained that its holding follows its earlier holding that district courts must decide whether a named plaintiff is bound by an arbitration agreement **before conditionally certifying a collective action** (*JPMorgan Chase & Co.*, 2019 WL 758984, at *5, n.18 (citing *Edwards v. Doordash, Inc.*, 888 F.3d 738, 742 (5th Cir. 2018) and *Reyna v. Int'l Bank of Commerce*, 839 F.3d 373, 376 (5th Cir. 2016))).

      More recently, the 7th Circuit reached a similar conclusion in *Bigger v. Facebook, Inc.*, a panel decision holding that a court:

- **May not authorize notice to individuals with valid mutual arbitration agreements waiving their right to join the action**.
- Court must give defendants an opportunity to demonstrate the existence of those agreements.

(2020 WL 401804, at *4 (7th Cir. Jan. 24, 2020) (addressing the employer's interlocutory appeal on the notice issue and denial of summary judgment).)

      According to the *Bigger* court, courts must follow these steps if a defendant objects to sending notice to individuals with binding arbitration agreements:

- Determine if any plaintiff contests the existence or validity of the alleged agreements. If not, the court may not authorize notice to those individuals.
- If a plaintiff contests the existence or validity of the alleged agreements, permit the parties to submit additional evidence on that issue. The employer has the burden of showing by a preponderance of the evidence that a valid arbitration agreement exists for each individual it seeks to exclude from notice.

(*Bigger*, 2020 WL 401804, at *1.) In reaching its conclusion, the court explained:

- Notice presents an opportunity for abuse of the collective action process because plaintiffs may expand the litigation to gain settlement leverage. **Where valid arbitration agreements exist, allowing notice to those individuals has the potential to make notice more about increasing settlement pressure than informing potential opt-ins about the litigation.**
- Similarly, under certain circumstances **sending notice may become indistinguishable from the otherwise separate process of soliciting claims, potentially undermining the court's neutrality.**
- The goal of efficiency does not necessarily favor sending notice to individuals with arbitration agreements before establishing the validity of those agreements. In some cases, it may be more efficient to send notice to the entire group and sort out arbitration agreements later, while in others it may be more efficient to remove individuals with arbitration agreements from the notice class. Either way, efficiency does not take priority over a court's obligations to remain neutral and avoid abuse of the collective action process.

Kayla Kienzle
Michelle Fisher
July 7, 2021
Page 4

(*Bigger*, 2020 WL 401804, at *4.)

Here, there is no dispute the arbitration agreements are valid. Plaintiffs stipulated to arbitrate all claims and waived collective action. Thus, under the law of *Bigger*, you should not be contacting any current or former employees of GlobalTranz because, as addressed in the objections below, the letters are grossly misleading.

### B. GlobalTranz's Objections to the Contents of Solicitation Letters

We are in receipt of a sample of the recent letters you sent to current and former employees of GlobalTranz. We object to the content of these letters:

1. The letter is misleading. The third paragraph includes language "We reached an agreement with GlobalTranz…" This statement infers liability or that GlobalTranz has somehow approved this notice. Neither GlobalTranz or we have approved it. There has been no determination on the merits and a statement reflecting this needs to be included in the letters you send, if they can be sent at all. *See Chen v. Kicho Corp.*, 2020 WL 1900582, at *14 (S.D.N.Y. Apr. 17, 2020)

2. Paragraph three also states: "representatives who make a claim for overtime pay will not be required to go to court, but rather, can go through a less formal process called arbitration." Arbitration may not be in court, but it is formal. The opt-ins will have to be deposed and respond to discovery. Therefore, this statement is misleading. Additionally, the letter states: "We are currently working with GlobalTranz to get data to calculate the amount of overtime pay potentially owed…" The word potentially does nothing to change the tone of the letter. It implies GlobalTranz is liable for overtime pay, which we obviously deny. Accordingly, the letter is misleading.

3. Absent from the letter is a statement that GlobalTranz denies the allegations. For instance, the second paragraph states: "We understand that GlobalTranz assigned logistics representatives a heavy workload that required them to work overtime hours and paid them a salary with no extra pay for their overtime hours." We deny this allegation. Inclusion of this statement without a denial by GlobalTranz infers this statement is true. On this basis, the letters are misleading.

4. The letter fails to apprise opt-ins that their claims could be rejected or severely narrowed. *See Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013) (an opt-in's right to participate in the lawsuit may depend on a later determination that opt-ins are similarly situated). Further, there is no assurance that the arbitrator will grant the opt-in any relief. *See Reyes v. Quality Logging, Inc.*, 52 F. Supp. 3d 849, 849 (S.D. Tex. Oct. 10, 2014). For this reason, the letter is misleading.

5. The notice does not provide opt-in's the fair opportunity to speak to counsel for GlobalTranz. *See Chen v. Kicho Corp.*, 2020 WL 1900582, at *10 (S.D.N.Y. Apr. 17, 2020) (noting that district courts in the Second Circuit often require inclusion of contact information for both). Another reason the letter is misleading, coercive, and improper.

Kayla Kienzle
Michelle Fisher
July 7, 2021
Page 5

      6.      The Notice Period should not be unlimited.  While this case is now in arbitration and there is no collective action, and there must be a deadline for returning or filing signed consent forms.  Notice periods are usually 60-90 days from the date the Court sets. *See Ramirez v. Ghilotti Bros., Inc,* 941 F. Supp.2d 1197, 1207 (N.D. Cal. 2013). Because no court granted conditional certification, we demand that the window be 60 days from the date the motion to compel arbitration was filed, or July 6, 2021.

      7.      The letter is overbroad and should be limited by geographic region.  In our view, contacting opt-ins in states in which no attorneys in your firm are licensed is tantamount to practicing law without a license, especially since there is no collective action.  Contacting employees all over the country, without the prospect of certifying a collective action is improper solicitation.

For these foregoing reasons alone, the letters are misleading and improper. Unless and until an arbitrator or the court approves of the letters you have been sending, we demand that you cease attempting to contact the opt-ins.

In addition to prohibiting contact with collective action opt-ins, courts regularly restrict the types of communications that can be sent to opt-ins.  For instance:

- In an FLSA case, the court modified plaintiff's notices requiring the following additions: a description of defendant's defenses, and adding cost shifting language.  The notices were stricken to remove state law claims and remedies.  *Gomez v. H & R Gunlund Ranches, Inc.,* No. CV F 10-1163 LJO MJS, 2010 U.S. Dist. LEXIS 137736, at *32 (E.D. Cal. Dec. 16, 2010)

- Court sanctioned the employer and prohibited future contact with potential opt-ins where the employer <u>unilaterally</u> sent a <u>misleading and coercive</u> letter that discouraged participation in the collective action (*Belt v. Emcare, Inc.,* 299 F. Supp. 2d 664, 667-70 (E.D. Tex. 2003)).

- In FLSA collective actions, district courts rely on broad case management discretion by limiting misleading pre-certification communications **and ordered plaintiffs to correct false, unbalanced, and misleading statements on their website** (*Maddox v. Knowledge Learning Corp.*, 499 F. Supp. 2d 1338, 1342-44 (N.D. Ga. 2007); *see also Jones v. Casey's Gen. Stores*, 517 F. Supp. 2d 1080, 1086, 1089 (S.D. Iowa 2007)).

If a court can restrict and sanction an employer's contact with opt-ins it can certainly do the same to plaintiffs and their counsel.  In their current form, the letters are objectionable and improper.  They are misleading.  Accordingly, we repeat our demand that you stop contacting any opt-ins unless and until you have arbitrator or court approval.  Furthermore, the 60-day period from when the Motion to Compel Arbitration was filed is passed, and we further demand that you stop contacting any current or former employees of GlobalTranz.  For any new opt-ins you present to us, we demand a copy of the letter, including date stamp on the envelope from the opt-in to ensure your compliance,

---

Kayla Kienzle
Michelle Fisher
July 7, 2021
Page 6

otherwise will not consider them to have filed a proper claim.  If you are unwilling to comply with our demand we desire to appoint an arbitrator immediately so we can promptly address this issue.  To ensure that that this issue is addressed timely, please respond with a list of proposed arbitrators within ten days of receipt of this letter: **no later than July 17, 2021**.  GlobalTranz will do the same.  As always, please contact us if you wish to discuss this matter further.

          Sincerely,

          */s/ Julie E. Maurer*

          Julie E. Maurer of
          Jack E. Jimenez of
          Andrew B. Kleiner of
          LEWIS BRISBOIS BISGAARD & SMITH LLP

JEM/mrl