**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juliana Daklin, *et al.*, | No. CV-21-00204-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| GlobalTranz Enterprises LLC, | |
| Defendant. | |

At issue are the following Motions: Defendant GlobalTranz Enterprises, LLC's Motion for Injunctive Relief Prohibiting Plaintiffs' Counsel from Continued Illegal Solicitations and Sanctions Re Same (Doc. 36); Plaintiffs Juliana Daklin and Samantha Thaler's Motion for Leave to File Motion to Enforce Settlement (Doc. 46); and Defendant's Request for Sanctions Against Plaintiffs' Counsel (Doc. 55).

On February 8, 2021, Plaintiffs filed a Complaint (Doc. 1) seeking damages for Defendant's alleged failure to pay them overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, by reclassifying them from non-exempt to exempt employees. On May 19, 2021, the parties filed a Stipulation stating that they had agreed to arbitration of their disputes at the American Arbitration Association ("AAA"). (Doc. 29.) On the parties' request, the Court stayed this matter pending the results of the arbitration and required the parties to file a joint status report by September 24, 2021. (Doc. 31.)

On September 23, 2021, the parties filed a joint status report (Doc. 34) stating that they had not yet commenced arbitration, even though they all agreed they had entered into

a binding arbitration agreement with a class and collective action waiver. They jointly reported that counsel for Plaintiffs had contacted "opt-in plaintiffs"—even though there is no collective action into which to opt, on account of the collective action waiver—and that 22 individuals want to make claims for unpaid overtime. Because Defendant contended that counsel for Plaintiffs' contacts with "opt-ins" was misleading and improper and the Court had the custodial duty in collective actions to supervise notice to opt-ins, the Court ordered briefing (Doc. 35). Defendant's October 1, 2021, Motion for Injunctive Relief (Doc. 36) was the result.

When the briefing on Defendant's Motion was complete, the parties informed the Court that they reached a settlement in principle and were "finalizing the settlement documents and collecting Releases," with the plan to "file a joint motion for dismissal with the Court on December 30, 2021." (Doc. 40.) The Court entered another stay, until February 7, 2022. (Doc. 42.) When the parties did not timely file a joint motion for dismissal, the Court ordered a status report. (Doc. 43.)

In this status report, dated February 10, 2022, the parties reported they had been unable to reach agreement on the terms of the Settlement Agreement, and Defendant stated that "settlement discussions have broken down." (Doc. 44.) Plaintiff then filed a Motion for Leave to File a Motion to Enforce Settlement (Doc. 46), and in response, Defendant filed a Request for Sanctions (Doc. 55).

To begin with, a review of the record shows that there was never more than a settlement in principle between the parties, and they never agreed on terms. Thus, even if the Court were to take jurisdiction over the question whether the parties entered into a valid, enforceable settlement agreement, the Court would find they had not. Accordingly, the Court will deny Plaintiffs' Motion for Leave to File Motion to Enforce Settlement (Doc. 46). The Court will not sanction Plaintiffs for filing it and thus will also deny Defendant's associated Request for Sanctions (Doc. 55).

What remains is an arbitration before the AAA between each Plaintiff, individually, and Defendant—the same posture the case was in a year ago, on May 19, 2021. (Doc. 29.)

1  All parties agree that Plaintiffs "must proceed individually in arbitration to recover their
2  overtime wages" without "the [collective action] mechanism where the Court decides if
3  the case should be conditionally certified" on account of the agreed-upon class and
4  collective action waiver. (Doc. 38 at 1-2.) To the extent Defendant has argued that counsel
5  for Plaintiffs improperly contacted other potential claimants for unpaid overtime wages
6  against Defendant, those individuals are not, and never will be, parties to this lawsuit.
7  Indeed, even with respect to the parties to this lawsuit, the Court never examined the
8  validity of the arbitration agreements or compelled arbitration in this matter; the parties
9  have all agreed they entered into valid, enforceable arbitration agreements with collective
10 action waivers.

11 The Court will not go beyond this lawsuit to reach a question of whether counsel
12 for Plaintiffs—a law firm in Minnesota and an individual attorney in Maryland—
13 communicated with non-parties to this lawsuit in a manner that went beyond permissible
14 lawyer advertising. There are other possible avenues for Defendant to raise that issue,
15 including with the governing bodies of the practice of law in the applicable jurisdictions.
16 But as a matter of both jurisdiction and the use of this Court's strained resources, the Court
17 will decline Defendant's invitation to monitor counsel for Plaintiffs' communications with
18 non-parties to this lawsuit. The Court will thus deny Defendant's Motion for Injunctive
19 Relief Prohibiting Plaintiffs' Counsel from Continued Illegal Solicitations and Sanctions
20 Re Same (Doc. 36).

21 To reiterate, all parties to this lawsuit have agreed to individual arbitrations before
22 the AAA under the terms of their arbitration agreements. Indeed, they reached a stipulation
23 to that effect without the Court's aid. The Court can only interpret the fact that no party—
24 neither Plaintiffs nor Defendant—has even initiated the agreed-upon mechanism for
25 resolution of Plaintiffs' claims after this much time as a lack of will, on both sides, to
26 resolve their disputes. This matter is unchanged in over a year. Because the parties agree
27 on the only question that the Court was required to resolve—whether there is a valid,
28

enforceable arbitration agreement for the resolution of Plaintiffs' claims—there is no remaining controversy before the Court.

Under the Federal Arbitration Act, 9 U.S.C. § 3, the Court is directed to enter a stay to litigation after compelling arbitration under a valid arbitration agreement if a party requests such a stay. Although the Court never entered an Order compelling arbitration because the parties agreed to it on their own, the Court did enter a temporary stay on the parties' request a year ago. For the foregoing reasons, the Court in its discretion will now dismiss this case.

**IT IS THEREFORE ORDERED** denying Defendant GlobalTranz Enterprises, LLC's Motion for Injunctive Relief Prohibiting Plaintiffs' Counsel from Continued Illegal Solicitations and Sanctions Re Same (Doc. 36).

**IT IS FURTHER ORDERED** denying Plaintiffs Juliana Daklin and Samantha Thaler's Motion for Leave to File Motion to Enforce Settlement (Doc. 46).

**IT IS FURTHER ORDERED** denying Defendant's Request for Sanctions Against Plaintiffs' Counsel (Doc. 55).

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment dismissing this case and to close this matter.

Dated this 24th day of May, 2022.

Honorable John J. Tuchi
United States District Judge